UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | No. 6:17-CR-43-REW |
| v. | ) ) | No. 6:19-CV-279-REW |
| EDWIN WILLIS, | ) ) | OPINION & ORDER |
| Defendant/Movant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 12, 2019,[1] Defendant/Movant Edwin Willis (a federal inmate) filed a *pro se*[2] motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. DE 445 (Motion). The United States responded in opposition. DE 461 (Response); *see also* DE 462-1 (Storm Aff.). Willis replied. DE 468 (Reply). The Court, upon full review and for the following reasons, **DENIES** § 2255 relief (DE 445) and issues **NO** Certificate of Appealability.

I.  **BACKGROUND INFORMATION**

Between April and August of 2017, Movant participated in a Drug Trafficking Organization (DTO) that distributed multiple kilograms of a methamphetamine mixture in this District. Willis (already carrying multiple state felony convictions) trafficked while carrying a

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam). Here, Willis declared under penalty of perjury that he executed and placed the § 2255 motion in the prison mailing system on November 12, 2019. DE 445 at 15.
[2] The Court gives *pro se* filings a comparatively lenient construction. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

1

firearm. *See* DE 272 at ¶ 3 (Plea Agreement). For his role in the DTO, a grand jury, on November 16, 2017, indicted Willis for conspiring to distribute 50+ grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count 1); possessing 50+ grams of a substance containing meth with distributive intent, in violation of 21 U.S.C. § 841(a)(1) (Count 2); knowingly possessing a firearm in furtherance of a drug trafficking offense during the charged conspiracy period, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and knowingly possessing, as a convicted felon, a firearm in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1) (Count 4). DE 152 (2nd Superseding Indictment).[3]

On April 3, 2018, Judge Van Tatenhove accepted Willis's plea and adjudged him guilty of the aggravated quantity meth trafficking conspiracy (Count 1) and firearm possession in furtherance charges. DE 201 (Verdicts). The Court, on November 15, 2018, sentenced Willis to imprisonment terms of 240 months on the § 846 conviction and, consecutively, 60 months on the § 924(c) conviction for a total term of 300 months. DE 420 (Sentencing Minute Entry); DE 421 (Judgment). Willis did not appeal. On November 12, 2019, Willis timely submitted a § 2255 motion. DE 445. Briefing developed as indicated above. The motion stands ripe for review.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a §

---

[3] The Count 2 & 4 charges allege crimes occurring on or about August 1, 2017. *Id.* Additionally, the Indictment alleges that the conduct undergirding each charge occurred in one or more counties (Laurel, Whitley) in this federal District. *Id.*

2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721–22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Willis, though phrasing the argument in various ways, pursues one general theory for relief. He claims that his counsel, Hon. Brandon J. Storm, ineffectively failed to seek a continuance of his sentencing to await the December 21, 2018, passage of the First Step Act of 2018 (the "FSA"). *See* DE 445 & 468. This omission was purportedly prejudicial because, in Willis's view, the FSA amendments to § 924(c) would have prohibited the Court from

sentencing him to a consecutive 60-month sentence for the gun charge. Based on the following analysis, and under the applicable standards, Willis's contention, on this record, decisively fails.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL[4]

### The *Strickland* Standard

A movant claiming ineffective assistance must prove both deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant must prove ineffective assistance by a preponderance of the evidence). To prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064–65. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 104 S. Ct. at 2066.

To prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

---

[4] As to communications necessary to litigate the ineffective assistance claims, Willis waived attorney-client privilege. *See* DE 458 (Order).

4

at 2068. When evaluating prejudice, courts generally must consider the "totality of the evidence before the judge or jury." *Id.* at 2069.

The Court need not address Willis's complaints regarding Storm's performance. Even assuming Storm was somehow deficient in failing to seek a continuance (or misadvised Willis as to the predictive general applicability of the FSA), and withholding any doubts about verity, Defendant proves no resulting prejudice and warrants no relief. As discussed below, Willis does not show that the FSA would have meaningfully impacted his sentencing. Defendant's inability to establish prejudice dooms his IAC claim.

## The First Step Act of 2018

On December 21, 2018, President Trump signed into law the First Step Act of 2018 (Pub. L. No. 115-391, 132 Stat. 5194 (2018)). Title IV of the Act, labeled "Sentencing Reform," did just that. It reduced (or narrowed predicates for) certain mandatory minimum penalties in § 841, retroactively applied the Fair Sentencing Act of 2010, broadened the existing § 3553(f) safety valve, and—relevant here—diminished the severity of offense "stacking" under 18 U.S.C. § 924(c).[5]

Section 403(a) of the FSA provides:

Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final[.]"

---

[5] Willis, correctly, concedes that the FSA did not reduce § 841(b)(1)(B) mandatory minimum penalties. *See* DE 468 at 4.

PL 115-391, 132 Stat 5194, 5221–22. This amendment did not impact any provision relevant to Willis's sentencing.[6] For § 924(c) purposes, the FSA changed only "what counts as a prior conviction" to qualify for an enhanced 25-year mandatory minimum under § 924(c)(1)(C). *United States v. Richardson*, No. 17-2157, 2020 WL 413491, at *8 (6th Cir. Jan. 27, 2020). Willis did not, at the time of his sentencing, have a "prior conviction" under § 924(c) and thus was not subject to an enhanced, or stacked, § 924(c)(1)(C) penalty.

Perhaps more importantly, and contrary to Willis's take, consecutive sentences for § 924(c)(1)(A) violations remain a statutory requirement under the FSA scheme. *See* 18 U.S.C. § 924(c)(1)(A) ("in addition to the punishment provided for such . . . drug trafficking crime"); *Richardson*, 2020 WL 413491, at *8 ("[T]he Act does not change the mandatory-minimum sentences for defendants convicted of" § 924(c) violations.). In short, Willis fails to show that his

---

[6] Willis does not argue prejudice resulting from the FSA's changes to § 841(b)(1)(B). However, for purposes of clarity, the Court notes that Willis evidently misunderstands why he would have received no benefit from the FSA modifications to that provision. *See* DE 468 at 4. Willis pleaded guilty to conspiring, under § 846, to violate § 841(a)(1). *See* DE 152 at 1–2 (Count 1). Section 841(b) sets the penalties for that crime. Willis could not have received the benefit of the FSA's reduced § 841(b)(1)(A) mandatory minimums not because he "pleaded guilty to [a § 846,]" violation, DE 468 at 4, but because a separate subsection, § 841(b)(1)(**B**), sets the penalties for a violation involving "50 grams or more of a mixture or substance containing" meth. Willis's conviction involved the requisite 50+-gram freight. The FSA did not lower the 10-year mandatory minimum applicable to a meth trafficking conspiracy involving that drug quantity for a defendant with a prior qualifying conviction. The FSA amendments to § 841(b)(1)(B) would have required a different predicate analysis—*i.e.*, § 401(a) of the FSA replaced "felony drug offense" with the newly defined "serious drug felony" as the type of prior conviction needed to trigger a mandatory minimum. PL 115-391, 132 Stat. at 5220–21. However, the result would most certainly have been the same. The record concerning Willis's properly noticed prior convictions, *see* DE 266, offers no reason to doubt that Willis would have been subject to a 10-year mandatory minimum under the FSA. *See, e.g.*, PIR at ¶¶ 65, 66, 68; DE 272 at ¶ 4. Willis had a prior, at least one, that was both a felony drug offense and a serious drug felony.

sentencing would have gone any differently under the FSA. Thus, Storm's alleged failure to pursue a continuance that could not have helped Willis did not transgress *Strickland*.[7]

IV. **EVIDENTIARY HEARING & CERTIFICATE OF APPEALABILITY**

The Court sees no need for a hearing because, for the reasons stated, "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The record, which requires no further development, forecloses relief as to Willis's claims.

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). Movant has not made a "substantial showing" as to any claimed denial of rights; his *Strickland* claims conclusively fail, for all the reasons discussed above. Reasonable jurists would not find the Court's determination debatable.

---

[7] Further, the Court notes that at least one factual prediction that Willis attributes to Storm—*i.e.*, that Movant "had nothing coming" under the FSA—was, on this record, accurate. DE 445 at 7.

7

## V.    CONCLUSION

For the reasons discussed, the Court wholly **DENIES** DE 445 and issues **NO** Certificate of Appealability.

This the 5th day of February, 2020.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge